# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 3:13-CR-337-O(1) |
| § | |
| RAY SHAWN FREENEY, § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Ray Shawn Freeney's ("Freeney") *Motion Requesting Counsel in Light of Rehaif 139 S.Ct. 2191*, received on August 4, 2020 (doc. 84). Treating the motion as a successive motion under 28 U.S.C. § 2255, the Court transfers the motion to the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit").

## I.    BACKGROUND

On September 4, 2013, Freeney was indicted on one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). A jury found him guilty on the sole count of the indictment on February 3, 2014. Freeney was sentenced to 120 months' imprisonment, to be followed by a two-year term of supervised release. Freeney's direct appeal to the Fifth Circuit was dismissed as frivolous on March 10, 2016. *See United States v. Freeney*, 638 F. App'x 391 (5th Cir. 2016).

On August 15, 2016, Freeney filed his first § 2255 motion, which was denied on February 23, 2018. Freeney filed a document titled *Jurisdiction* with the Fifth Circuit on June 11, 2020, in which he appeared to challenge his conviction and sentence based on *Rehaif v. United States*, 139 S.Ct. 2191 (2019). *See In re Freeney*, No. 20-10579 (5th Cir. filed June 11, 2020). The Fifth Circuit construed the filing as a request for authorization to file a successive § 2255 motion. *See id.* The request remains pending with the Fifth Circuit. *See id.*

## II.   ANALYSIS

Although Freeney expressly moves for the appointment of counsel in his motion, he also expressly claims that his conviction and sentence are unconstitutional pursuant to *Rehaif* and other Supreme Court and circuit rulings.  Section 2255 is the primary means for collaterally attacking a federal sentence after the period for direct appeal has expired.  *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  Because Freeney's motion specifically challenges his conviction and sentence, the Court construes it as a successive § 2255 motion.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief.  AEDPA, Pub. L. 104-132, 110 Stat. 1214 (1996).  A movant must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  This determination must be made by a three-judge panel of the Fifth Circuit before Freeney files his motion in district court.  28 U.S.C. §§ 2244(b)(3)(B) and 2255(h).

The Fifth Circuit has not issued an order authorizing this Court to consider Freeney's successive motion.  The Court therefore has no jurisdiction over Freeney's unauthorized, successive § 2255 motion.  *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

---

[1] To the extent a ruling on Freeney's motion requesting the appointment of counsel is necessary, the motion is denied without prejudice.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding that prisoners are generally not entitled to appointment of counsel in post-conviction relief proceedings).

Accordingly, Freeney's motion will be transferred to the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) for appropriate action.

### III.  CERTIFICATE OF APPEALABILITY

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability.[2] If Freeney elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

### IV.  CONCLUSION

Freeney's construed § 2255 motion is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for appropriate action.

The Clerk of the Court is directed to terminate Freeney's motion (doc. 84) in this criminal case; open a new civil action (nature of suit 510) for administrative purposes only, with direct assignment to the same District Judge and Magistrate Judge as in this case; docket the motion in the new civil action as a § 2255 motion filed on August 4, 2020; and, without further judicial action, immediately transfer the new § 2255 action to the United States Court of Appeals for the Fifth Circuit.

**SO ORDERED** this 7th day of August, 2020.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[2] No certificate of appealability is required to appeal an order transferring a successive habeas petition. *See In re Garrett*, 633 F. App'x 260, 261 (5th Cir. 2016); *Fulton*, 780 F.3d at 688.